UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

RYAN A. CUTLER and
VICTORIA J. CUTLER,
Debtors.

Case No. 25-20688-dob

Chapter 13 Proceeding
Hon. Daniel S. Opperman

_______________________________________/

# OPINION REGARDING DEBTORS' MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY

Following a hearing on April 23, 2026 on Debtors' Motion for Violation of the Automatic Stay and for Sanctions, the Court took this matter under advisement on the legal issue of whether postponement of a foreclosure sale after a bankruptcy is filed, without further action by a creditor, is a violation of the automatic stay.

## Statement of Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Findings of Fact

The facts are undisputed in this matter. After Debtors defaulted on a mortgage secured by their residence, Planet Home Lending, LLC ("Planet") initiated nonjudicial foreclosure proceedings on May 2, 2025 and a foreclosure sale was scheduled for June 4, 2025. The Debtors filed this Chapter 13 bankruptcy on May 28, 2025 and subsequently filed their Schedules, Statement of Financial Affairs, and Chapter 13 Plan. They disclosed that they owned their home valued at $164,344 and a mortgage in favor of Planet securing a $131,277 debt. Their Plan

proposed to pay Planet ongoing regular payments of $960.00 and an additional $166.67 for 60 months to cure a $10,000 arrearage.

Planet filed a Proof of Claim reporting a total debt of $134,006.04, with an arrearage of $13,952.38 and objected to Debtors' Chapter 13 Plan, arguing that their Plan understated the arrearage, did not provide for adequate payments to Planet and was not feasible. Planet adjourned the foreclosure sale week-to-week and continues to do so.

Although it objected to confirmation of Debtors' Chapter 13 plan, Planet consented to entry of an Order Confirming Plan entered by this Court on August 17, 2025. There is no dispute that Debtor's Chapter 13 Plan payments have been consistently made since July 9, 2025, and that Planet has received $5,582.43 as of the filing of this Motion in plan payment disbursements from the Chapter 13 Trustee.

Debtors assert that, when Planet learned of their bankruptcy filing, it violated the bankruptcy automatic stay by choosing to adjourn the foreclosure sale week-to-week, rather than canceling the foreclosure sale. Debtor Ryan Cutler learned of the week-to-week adjournments when he was in the Clare County Courthouse on March 19, 2026 and discovered his name on the list of adjourned foreclosure sales, adjourning the sale of his residence from March 18, 2026 to March 25, 2026. As a result, Debtors' attorney contacted Planet's attorney to immediately cease the adjournments of the foreclosure sale, to which Planet's attorney refused. Debtors assert that the foreclosure sale adjournments were and are attempts to "harass and pursue a debt against the Debtors." Debtors request sanctions "as deemed appropriate" in an unspecified amount.

Planet argues that the foreclosure sale "was adjourned week-to-week in accordance with M.C.L. § 600.3220 and consistent with [applicable law], to maintain the status quo 'until the bankruptcy process is completed or until the creditor obtains relief from the automatic stay.'"

Planet asks this Court to deny Debtors' Motion in its entirety and requests $500.00 in attorney fees for having to respond to Debtors' Motion.

<u>Law</u>

Section 362(a) automatically stays all proceedings against the debtor as follows:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of –
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of this case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . .

Thus, a bankruptcy petition operates as a stay of "any proceeding to recover a claim against the debtor" and "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." The purpose of the automatic stay is to give the debtor a "breathing spell from his creditors." *In re Banks*, 253 B.R. 25, 29 (Bankr. E.D. Mich. 2000). The legislative history indicates that the stay provides a debtor broad protection from his creditors by stopping all collection efforts, all harassment, and all foreclosure actions. *Id*. (citation omitted).

A party violates the automatic stay by taking any action prohibited by Section 362(a) after receiving notice of a bankruptcy filing. *Id*. "Knowledge of the bankruptcy filing is the legal equivalent of knowledge of the stay." *In re Daniels*, 206 B.R. 444, 445 (Bankr. E.D. Mich. 1997) (quoting *Wagner v. Ivory (In re Wagner)*, 74 B.R. 898, 904 (Bankr. E.D. Pa. 1987)). To show liability under Section 362(k), the Debtor need only show actual notice of the bankruptcy

and an act in violation of the stay. "Satisfying these requirements itself creates strict liability. There is nothing more to prove except damages." *Daniels*, 206 B.R. at 445. The automatic stay requires creditors to take affirmative steps to halt or reverse any pending suits or collection efforts begun prior to bankruptcy, including garnishment, repossession of a vehicle, and foreclosure of a mortgage or lien. *Banks*, 253 B.R. at 30.

The maintenance of the status quo, however, does not constitute a violation of the stay even if a creditor retains estate property. *City of Chicago v. Fulton*, 592 U.S. 154, 141 S.Ct. 585 (2021). Likewise, an administrative freeze by a bank does not violate the automatic stay. *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 116 S.Ct. 286 (1995). The Sixth Circuit Court of Appeals allows for the post-petition recording of a mortgage assignment because it does not affect the debtor's interest in the property. *Rogan v. Bank One, N.A. (In re Cook)*, 457 F.3d 561 (6th Cir. 2006).

The Court must question whether there was a violation of the automatic stay, however done and with whatever motive, whether willful or not.

For willful violations of the stay, an individual debtor can recover damages under Section 362(k), which provides:

> (1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.
>
> (2) If such violation is based on an action taken by an entity in the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such entity shall be limited to actual damages.

Subsection (h) applies to individual debtors in which the stay is terminated "with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject

to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)" to take certain actions.

"An individual seeking damages under § 362(k) must prove, by a preponderance of the evidence, that damages were 'proximately caused by and reasonably incurred as a result of the violation of the automatic stay.'" *In re Baer*, No. 11-8062, 2012 WL 2368698, at *10 (B.A.P. 6th Cir. June 22, 2012) (quoting *Grine v. Chambers* (*In re Grine*), 439 B.R. 461, 471 (Bankr. N.D. Ohio 2010) (citing *Archer v. Macomb County Bank*, 853 F.2d 497 (6th Cir. 1988))).

"[A] damage award must not be based on 'mere speculation, guess, or conjecture.' Proof of damages requires that degree of certainty that the nature of the case admits." *In re Perrin*, 361 B.R. 853, 856 (B.A.P. 6th Cir. 2007) (quoting *Archer v. Macomb County Bank*, 853 F.2d 497, 499 (6th Cir. 1988)). "A bare statement by the debtor that he incurred damages without some form of supporting evidence as to the amount will not satisfy the evidentiary requirements of § 362(k)." *Baer*, 2012 WL 2368698, at *10 (citation omitted) (finding that the debtor failed in his "burden of requesting damages in a certain amount and of supporting that claim with evidence").

Section 362(k) also allows for an award of punitive damages "in appropriate circumstances." "Although courts are required to award actual damages to an injured plaintiff for violations of the automatic stay, the imposition of punitive damages is left to the court's discretion." *Tyson v. Hunt* (*In re Tyson)*, 450 B.R. 754, 766 (Bankr. W.D. Tenn. 2011) (citation omitted).

Whether the act of postponement of a foreclosure sale after a bankruptcy is filed constitutes a violation of the automatic stay was the issue in the case of *Worthy v. World Wide Fin. Servs., Inc.*, 347 F. Supp.2d 502 (E.D. Mich. 2004). In *Worthy*, the District Court held that

the creditor's "postponement of a sheriff's sale in accordance with state law does not violate the Bankruptcy Code's automatic stay provision (11 U.S.C. § 362). The Debtor appealed this decision, and the Sixth Circuit Court of Appeals affirmed the District Court's decision, finding that the District Court sufficiently articulated grounds such that the Sixth Circuit affirmed that decision.

Analysis

Debtors and Planet present the Court with a distinct legal issue: Does postponement of a mortgage foreclosure sale violate the bankruptcy automatic stay? *Worthy* answers this question in the negative. In *Worthy*, the debtor filed a Chapter 13 bankruptcy one day prior to a scheduled foreclosure sale. The foreclosure sale was adjourned to a later date. Prior to the adjourned date, the debtor's bankruptcy case was dismissed, and the foreclosure sale was held. The mortgagee purchased the property at the foreclosure sale obtaining a sheriff's deed, and the redemption period expired without the debtor redeeming the property. *Worthy*, 347 F. Supp. at 505. Among other arguments concerning validity of the foreclosure sale, which are not relevant here, the debtor in *Worthy* asserted that the mortgagee's act of adjourning the foreclosure sale was an act to continue the foreclosure and was in violation of the bankruptcy automatic stay. *Id*. at 508. Citing the case of *Taylor v. Slick*, 178 F.3d 702 (3d Cir. 1999), and other cases offered by the debtor and viewing these cases "in a light most favorable" to the debtor, the *Worthy* Court concluded that "a postponement of a sheriff's sale in accordance with state law does not violate the Bankruptcy Code's automatic stay provision . . . ." *Id*. at 509.

The Court has considered Debtors' argument that the *Worthy* decision is distinguishable and is otherwise not binding on this Court because *Worthy* involved a pre-confirmation adjournment, and this case involves both pre- and post-confirmation adjournments. Specifically,

Debtors argue that confirmation of the plan created a new agreement or covenant between Debtors and Planet; thus, any adjournments post-confirmation—in this case after August 15, 2025—were improper and violated the automatic stay as an action to collect post-confirmation debt.

To start the analysis, Section 362(a)(1) is the subsection most applicable to the actions taken by Planet, and the Court concludes that this subsection makes no distinction between pre- and post-confirmation acts as argued by Debtors. The action prohibited is "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." The automatic stay applies to claims and collection of claims that arose before the commencement of the case. There is no special provision or distinction for claims arising post-petition/post-confirmation, which may assist in distinguishing *Worthy*.

Nor does the statute addressing the effect of Chapter 13 confirmation offer guidance or a distinction. 11 U.S.C. § 1327(a) provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." In this case, the confirmed plan provided that Debtors make ongoing monthly payments of $960.00, and ongoing monthly pre-petition arrearage payments of $166.67 for the duration of this 60-month plan. While Section 1327(b) also provides that property of the estate vests in a debtor upon confirmation, that section does not negate the other terms of the plan to pay creditors as

proposed, agreed to by creditors, and then approved by the Court in an order confirming plan. Section 1327 also offers no help to assist this Court in distinguishing *Worthy*.

Moreover, the Debtor's Plan is silent about the pending foreclosure sale. Planet, as is its right, adjourned the sale on a week-to-week basis, an action that Debtors could infer. There is nothing in the record to assume that Planet agreed to cancel the foreclosure sale. Planet's decision to adjourn the sale weekly, while suspect on an economic basis, is within its rights under Michigan law and does maintain the status quo.[1]

The *Fulton*, *Strumpf*, and *Rogan* holdings all support Planet's right to continue the foreclosure sale because no direct action is taken against the Debtors and the pre-confirmation status quo is maintained. Unlike the plight of the debtors in those cases, who did not enjoy use of assets, the Debtors here enjoy the use and occupancy of their home.

The *Worthy* Court addressed the impact on the automatic stay when a creditor postpones a sheriff's sale in accordance with state law. Adopting the reasoning of other courts, the *Worthy* Court found postponement in accordance with state law does nothing more than maintain the "status quo until the bankruptcy process is completed or until the creditor obtains relief from the automatic stay." *Worthy*, 347 F. Supp.2d at 509 (citing *Taylor v. Slick*, 178 F.3d 698, 702 (3d Cir. 1999)). *Worthy* was affirmed by the Sixth Circuit Court of Appeals in an unpublished decision. *Worthy v. World Wide Fin. Servs., Inc.*, 192 Fed. App'x. 369 (2006).

A case decided prior to *Worthy* is instructive. In *Mason-McDuffie Mortg. Corp. v. Peters (In re Peters)*, 101 F.3d 618 (9th Cir. 1996), the Court was faced with binding precedent that postponement of a foreclosure sale maintained the status quo and did not violate the stay, but was asked to address "the situation where a postponement occurs after the bankruptcy court has

[1] The Court is advised that there is a cost to adjourn foreclosure sales. Planet's counsel stated at oral argument that if a sale was not needed, Planet would absorb that cost and not assess it to the Debtors. Whether that cost to maintain the status quo is worth the cost to Planet is not for the Court to say.

confirmed a Chapter 13 reorganization plan." *Peters*, 101 F.3d at 619. The *Peters* Court first addressed whether confirmation of a plan immediately cures all defaults and held that confirmation alone did not cure any defaults. Instead, only full payment of all defaults constituted cure. Absent full payment, a creditor who postponed a foreclosure sale was only maintaining the status quo and therefore did not violate the automatic stay because pre- and post-confirmation status between creditor and debtor was the same. *Id.* at 619-20. The *Peters* Court analysis of Section 1327 is persuasive as it mirrors decisions in the Sixth Circuit

In the absence of contrary binding statutory authority or case law, and under the analogous and persuasive reasoning of the decision in *Peters*, the Court cannot distinguish *Worthy* as argued by the Debtors.

All that said, the Court understands the distress and discomfort the Debtors experience because a default in payment could result in potential loss of their home. Whilst the Court today holds that adjourning a foreclosure sale does not violate the automatic stay, Planet would need to file a motion for relief from the stay before the foreclosure sale could occur. The Court is confident that if such a motion was filed, Debtors, through counsel, would object to that relief and point out the equity cushion enjoyed by the parties and offer a suitable solution to remedy Planet's concerns.

Finally, the Court is compelled to address the issue of damages, even though that issue is not before the Court today given its ruling. Planet and its counsel rely on *Worthy*, a 2004 decision of the District Court for the Eastern District of Michigan that was affirmed by the Sixth Circuit Court of Appeals in 2006. Reliance on these decisions is understandable and this Court would be hard-pressed to award damages for reliance on well-established case law.

For these reasons, the Court concludes that Planet did not violate the stay when it postponed the foreclosure sale week-to-week. Accordingly, the Debtors' Motion for Violation of the Automatic Stay is denied. The Court notes the legal effort and fees incurred on both sides in this case, and commends both counsel for their advocacy, but with these facts, an award of attorney fees and costs is not warranted.

**Not for Publication**

**Signed on September 21, 2026**

**/s/ Daniel S. Opperman**

**Daniel S. Opperman**
**United States Bankruptcy Judge**